|   |   |
|---|---|
| 1 | HONORABLE RONALD B. LEIGHTON |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| NAUTILUS, INC., | CASE NO. C16-5393-RBL |
|---|---|
| Plaintiff, | ORDER GRANTING LEAVE TO AMEND AND TO TRANSFER |
| v. | |
| ICON HEALTH & FITNESS, INC., | DKT. #46 |
| Defendant. | |

THIS MATTER is before the Court on Defendant ICON's Motion [Dkt. #46] for leave to amend its answer. ICON seeks to deny that venue is proper, and asks the Court to transfer the case to Utah, where ICON actually has a place of business.

Plaintiff Nautilus claims ICON's "FreeStrider Elliptical" exercise machine infringes upon four of Nautilus's patents for "variable stride technology" in such machines. Nautilus initially alleged (and ICON admitted) that venue was proper in this District, because ICON sells its devices to Washington residents, online.

ICON's venue motion was triggered by the Supreme Court's recent holding that venue for a patent infringement case against a domestic corporation is proper only where it is incorporated or where it has committed alleged acts of infringement and has a "regular and

established place of business." *TC Heartland LLC v. Kraft Foods Group Brands LLC*, No. 16–341, 2017 U.S. LEXIS 3213 (May 22, 2017). It is undisputed that ICON is not incorporated here and does not have an established place of business here. It asks the Court to transfer the case to Utah (where is does have an established place of business) under 28 U.S.C. § 1400[1] (the venue provision for patent cases).

## DISCUSSION

Nautilus sued ICON in May 2016, and *TC Heartland* was decided a year later. The *Markman* hearing in this case is scheduled for October 13, and in accordance with the Court's scheduling order, the parties filed a joint claim chart and pre-hearing statement on August 18—the day after ICON filed this motion.

In determining whether to grant leave to amend under Rule 15, the Court considers five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (emphasis added). Among these factors, prejudice to the opposing party carries the greatest weight. *Eminence Capital,* 316 F.3d at 1052.

Nautilus argues that ICON unreasonably delayed bringing its motion, noting the passage of time between the opinion and the motion (87 days). It argues that ICON continued to litigate in this district after *TC Heartland*, waiving the venue defect, and that transfer at this late stage would be unduly prejudicial, because its patents expire in less than four years and moving the case would delay trial by at least a year.

---

[1] ICON's Motion also mentions §1404(a) (transfer for convenience) but its Reply makes clear that the motion is based on *TC Heartland* and the venue statue it construes—§1400. The gist of the dispute is whether venue is proper, not whether a different proper venue would be more convenient.

ICON denies that its conduct or the passage of time amounts to a waiver of its venue challenge. The "litigation" in which it engaged in the interim consisted of stipulations, a request for a case management conference, and its court-required participation in drafting the joint statement. It argues that the impact of *TC Heartland* was not immediately known (specifically whether it applied retroactively), and that it was at the same time awaiting word from the PTAB about its (unsuccessful) challenge to Nautilus's patents. Indeed, it had sought a stay while the PTAB process was ongoing.

It also argues that in *TC Heartland*'s wake, a number of cases have held that it was an intervening change of law excusing or precluding waiver, citing opinions from this Circuit, this District, and this Court. It points out that the Oregon District Court recently (September 5) transferred a similar case after the *Markman* hearing, after dispositive motions, and only ten days before trial, because the defendant did not reside in Oregon, or have a regular, established place of business there. Like Nautilus, the plaintiff there argued that the defendant had waived the venue objection through its litigation conduct and the passage of time. Indeed, the showing of prejudice to the plaintiff there was far greater than Nautilus's showing here. Nevertheless, under § 1406, the Court held that prejudice to the plaintiff was not a relevant consideration.

This Court is not prepared to go quite that far, but it is clear that any prejudice to Nautilus stems not from ICON's conduct or inaction, but from *TC Heartland* and the Utah Court's calendar. The work that was done in the 87 days between the opinion and motion in preparation for the *Markman* hearing was not wasted; the parties can presumably use the same document in Utah. In any event, the short delay in bringing the motion did not cause a one year delay in the trial.

Venue is improper in this District. ICON's Motion to Amend its answer to so allege is **GRANTED**, and its Motion to Transfer is also **GRANTED**.

The case is **TRANSFERRED** to the District of Utah, where venue is proper.

**IT IS SO ORDERED**.

Dated this 13th day of September, 2017.

_____
Ronald B. Leighton
United States District Judge