IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| NAUTILUS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ICON HEALTH & FITNESS, INC., <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO AMEND COUNTERCLAIMS** <br><br> Case No. 1:17-cv-00154-DN <br><br> District Judge David Nuffer |

Defendant ICON Health & Fitness, Inc. ("ICON") seeks leave to amend its counterclaims to include a cause of action for patent infringement against Plaintiff Nautilus, Inc. ("Nautilus").[1] Nautilus opposes ICON's Motion to Amend arguing that the proposed counterclaim will cause unreasonable delay and unnecessarily add complexity to an already complex case.[2]

Because ICON's proposed counterclaim involves a patent that is unrelated to the patents already at issue in this case,[3] it is not in the interests of justice to grant leave for ICON to amend its counterclaims. Therefore, ICON's Motion to Amend[4] is DENIED.

---

[1] ICON Health & Fitness, Inc.'s Motion to File First Amended Counterclaims ("Motion to Amend"), docket no. 78, filed Oct. 13, 2017.

[2] Nautilus's Opposition to ICON's Motion to File First Amended Counterclaims ("Response"), docket no. 83, filed Oct. 27, 2017.

[3] Complaint for Patent Infringement ("Complaint"), docket no. 1, filed May 23, 2016; ICON Health & fitness, Inc.'s Answer to Nautilus, Inc.'s Complaint and Counterclaims ("Answer and Counterclaims"), docket no. 14, filed July 14, 2016.

[4] Docket no. 78, filed Oct. 13, 2017.

## BACKGROUND

Nautilus is a Washington corporation that sells consumer fitness products.[5] In 2001, John Arthur Ohrt and James A. Duncan invented a variable stride exercise machine.[6] Nautilus acquired the invention.[7] The variable stride technology is covered by four U.S. patents (the "Nautilus Patents").[8] Nautilus owns all right, title, and interest in the Nautilus Patents.[9]

ICON is a privately held corporation that has a place of business in Logan, Utah, and which sells exercise equipment on its website, www.nordictrack.com.[10] Nautilus alleges that ICON is using Nautilus's patented variable stride technology in ICON's FreeStride Trainer exercise machines.[11] Specifically, Nautilus alleges that ICON's FreeStride Trainer FS7i ("FS7i") infringes the Nautilus Patents.[12] The FS7i is a three-in-one exercise machine that functions as a stair-stepper, an elliptical, and a treadmill.[13] ICON allegedly promotes the FS7i as having an "auto adjustable stride" feature.[14]

Nautilus's Complaint alleges four causes of action for patent infringement against ICON regarding ICON's use, manufacture, offer for sale, and sale and importation in the United States of the FS7i.[15] ICON denies Nautilus's allegations of infringement,[16] and asserts eight

---

[5] Complaint ¶ 5.

[6] *Id*. ¶ 1.

[7] *Id*.

[8] *Id*. ¶¶ 16-19.

[9] *Id.* ¶¶ 1-2.

[10] *Id.* ¶¶ 3, 6.

[11] *Id.* ¶¶ 2-3.

[12] *Id*. ¶ 3

[13] *Id*.

[14] *Id*.

[15] *Id*. ¶¶ 29-40.

[16] Answer and Counterclaims at 3-5.

counterclaims seeking declarations of non-infringement and invalidity on each of the Nautilus Patents.[17]

This case was originally filed in the United States District Court for the Western District of Washington, but was later transferred to the District of Utah.[18] The case is not currently governed by a scheduling order.[19] However, the parties have served initial disclosures and written requests for production of documents and interrogatories.[20] And each party has responded to the other's initial discovery requests.[21] Additionally, before the case was transferred, the parties had served each other with various disclosures in accordance with the Western District of Washington's local patent rules, including: infringement contentions; invalidity and non-infringement contentions; proposed terms for claim construction; preliminary claim constructions; expert reports and rebuttal expert reports; and other extrinsic evidence on claim construction.[22] The parties also deposed each other's claim construction expert.[23]

ICON now seeks leave to amend its counterclaims to include a cause of action for patent infringement against Nautilus.[24] ICON's proposed counterclaim pertains to a U.S. patent issued to ICON on September 12, 2017, for a "Magnetic Resistance Mechanism in a Cable Machine" (the "ICON Patent").[25] The ICON Patent does not employ the variable stride technology of the

---

[17] *Id.* at 7-10.

[18] Order Granting Leave to Amend and to Transfer, docket no. 57, filed Sept. 13, 2017.

[19] Docket Text Order re 87 Stipulated Motion for Extension of Time Initial Pretrial Conference, docket no. 88, filed Nov. 7, 2017.

[20] Declaration of J. Christopher Carraway in Support of Nautilus's Opposition to ICON's Motion to File First Amended Counterclaims ("Carraway Declaration") ¶ 3, docket no. 84, filed Oct. 27, 2017.

[21] *Id*.

[22] *Id.* ¶ 5.

[23] *Id.*

[24] Motion to Amend.

[25] *Id*. at 3-5; ICON Health & Fitness, Inc.'s Amended Counterclaims ("Proposed Amended Counterclaims") ¶¶ 14, 47-56, Ex. A, docket no. 78-1, filed Oct. 13, 2017.

3

Nautilus Patents. Nor is it related to the Nautilus Patents, beyond being a mechanical patent in device used for exercise. ICON alleges that Nautilus's Bowflex HVT exercise machine—an exercise machine that is not currently at issue in the case—infringes the ICON Patent.[26]

## DISCUSSION

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with . . . the court's leave [and t]he court should freely give leave when justice so requires."[27] Rule 15(a)(2) "was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result."[28] "The district court has wide discretion to recognize a motion for leave to amend in the interest of a just, fair or early resolution of litigation."[29] And "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[30]

ICON has not exercised undue delay, bad faith or a dilatory motive in seeking to amend its counterclaims. ICON filed its Motion to Amend approximately 17 months after Nautilus filed its Complaint, and approximately 14 months after ICON filed its Answer and Counterclaims. But ICON could not have asserted its proposed counterclaim earlier. The ICON Patent did not issue until September 2017.[31] And ICON promptly sought leave to amend one month after its issuance.[32]

---

[26] Motion to Amend at 4; Proposed Amended Counterclaims ¶¶ 47-56.

[27] Fed. R. Civ. P. 15(a)(2).

[28] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (internal quotations omitted).

[29] *Id*. (internal quotations omitted).

[30] *Id*. (internal quotations omitted).

[31] Proposed Amended Counterclaims at Ex. A.

[32] Motion to Amend.

Nevertheless, permitting ICON's proposed counterclaim will cause prejudice to Nautilus and the timely and effective disposition of this case. Prejudice to the non-moving party is the "most important[] factor in deciding a motion to amend the pleadings[.]"[33] "Courts typically find prejudice only when the amendment unfairly affects [non-moving parties] in terms of preparing their defense to the amendment."[34] "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the [original pleadings] and raise significant new factual issues."[35]

This case was pending for 17 months before ICON filed its Motion to Amend. During that time, only the Nautilus Patents and ICON's affirmative defenses and counterclaims for declaratory relief regarding those patents were at issue. The parties served initial disclosures and discovery requests, and responded to each other's requests.[36] The parties also performed preliminary work on claim construction regarding the Nautilus Patents.[37] And they submitted expert reports and deposed each other's claim construction expert.[38]

Despite ICON's assertions that the ICON Patent and the Nautilus Patents are related and will have overlapping discovery,[39] the patents are distinctly different. The ICON Patent covers a technology that uses magnetics to increase resistance for lifting weights.[40] It does not employ the variable stride technology covered by the Nautilus Patents. And unlike the Nautilus Patents, the

---

[33] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006).

[34] *Id*. at 1208 (internal quotations omitted).

[35] *Id*.

[36] Carraway Declaration ¶ 3.

[37] *Id*. ¶ 5.

[38] *Id*.

[39] Motion to Amend at 2; ICON Health & Fitness, Inc.'s Reply in Support of its Motion to File First Amended Counterclaims ("Reply") at 10, docket no. 89, filed Nov. 13, 2018.

[40] Motion to Amend at 3-5; Proposed Amended Counterclaims ¶¶ 14, 49, Ex. A.

ICON Patent is not used in an elliptical, stair stepper, or treadmill. Rather, the ICON Patent is used in a resistance exercise machine for building strength.[41] Therefore, while the Nautilus Patents and the ICON Patent fall within a broad category of mechanical patents for exercise machines, they cover different types of exercise and exercise machines, and technologies that do not overlap.

The differences between the Nautilus Patents and the ICON Patent will necessitate additional discovery, unrelated to the discovery already performed. Fact discovery regarding the different inventions and inventors, and expert discovery regarding the different technology, will be required. ICON's proposed counterclaim will also necessitate preparation of new proposed claim construction statements and responses. Therefore, permitting ICON's proposed counterclaim will effectively start the litigation anew for the unrelated ICON Patent. And while "the expenditure of time, money, and effort alone is not grounds for a finding of prejudice[,]"[42] the additional expenditures coupled with the delay ICON's proposed counterclaim will cause, is an undue prejudice to Nautilus.

ICON's proposed counterclaim will also add unnecessary complexity to an already complex litigation—effectively combining two patent infringement trials into one. A jury would have to grapple with determining whether infringement occurred on two different technologies. This would include understanding the standards of patentability regarding each technology and its prior art. And for the Nautilus Patents and the ICON Patent, the prior art involves two different time periods—2001 and 2014 respectively. The additional layers of complexity caused

---

[41] Motion to Amend at 3-5; Proposed Amended Counterclaims ¶¶ 14, 49, Ex. A.

[42] *Bylin*, 568 F.3d at 1230.

by the inclusion of the ICON Patent would create a likelihood for juror confusion to the prejudice of Nautilus and the effective disposition of the case.

Finally, on its face ICON's proposed counterclaim does not appear futile. However, Nautilus has raised arguments concerning the proper venue for the proposed counterclaim.[43] These arguments may have merit. But it is unnecessary to address them at this time because a balance of the other considerations weigh against permitting ICON's proposed counterclaim. "Adding new technological issues to the case, even though they relate to the broader technology that encompasses the issues present in this case, will undoubtedly further delay the resolution of this case, require additional discovery, and further complicate an already complex case."[44] Judicial economy will not be served by permitting ICON's proposed amendment, and Nautilus will suffer undue prejudice if the proposed amendment is permitted. Therefore, because the interests of justice do not favor permitting ICON's proposed counterclaim, ICON's Motion to Amend[45] is DENIED.

## ORDER

IT IS HEREBY ORDERED that ICON's Motion to Amend[46] is DENIED.

Signed September 4, 2018.

BY THE COURT

_____

District Judge David Nuffer

---

[43] Response at 11-14.

[44] *Vonage Holdings Corp. v. SBC Internet Servs., Inc.*, 2007 WL 3169167 (N.D. Tex. Oct. 30, 2007); *see also Matsushita Elec. Indus. Co., Ltd. v. CMC Magnetics Corp.*, 2007 WL 127997, *2-4 (N.D. Cal. Jan. 12, 2007); *Amusement Indus., Inc. v. Stern*, 2014 WL 4460393, *13 (S.D. N.Y. Sept. 11, 2014) ("Courts regularly deny motions to amend where the moving party seeks to add claims involving collateral matters, based on different factual allegations and distinct legal theories, from the claims already at issue in a case.").

[45] Docket no. 78, filed Oct. 13, 2017.

[46] Docket no. 78, filed Oct. 13, 2017.