IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| NAUTILUS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ICON HEALTH & FITNESS, INC., <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO STAY** <br><br> Case No. 1:17-cv-00154-DN <br><br> District Judge David Nuffer |

Defendant ICON Health & Fitness, Inc. ("ICON") seeks to stay this case pending *ex parte* reexamination proceedings that are before the U.S. Patent and Trademark Office ("USPTO").[1] Plaintiff Nautilus, Inc. ("Nautilus") responded that a stay is improper because the reexamination proceedings have a lower-than-typical chance of simplifying the issues in this case, and because this case is in advanced procedural stages.[2] Nautilus also argues that a stay will cause it prejudice due to the length of time the reexamination proceedings will take to be completed.[3]

Because the reexamination proceedings have a likelihood of simplifying the issues in this case; because discovery is ongoing and trial has not been scheduled; and because a stay will not cause Nautilus undue prejudice, ICON's Motion to Stay[4] is GRANTED.

---

[1] ICON Health & Fitness, Inc.'s Motion to Stay Nautilus, Inc.'s Claims Pending Ex Parte Reexamination ("Motion to Stay"), docket no. 91, filed Nov. 28, 2017.

[2] Nautilus's Opposition to ICON's Motion to Stay Pending Ex Parte Reexamination ("Response") at 8-11, docket no. 93, filed Dec. 12, 2017.

[3] *Id*. at 3-8.

[4] Docket no. 91, filed Nov. 28, 2018.

# BACKGROUND

This case was originally filed in the United States District Court for the Western District of Washington on May 23, 2016,[5] but was later transferred to the District of Utah.[6] Nautilus's Complaint alleges four causes of action for patent infringement against ICON.[7] ICON's denies Nautilus's allegations of infringement,[8] and asserts eight counterclaims seeking declarations of non-infringement and invalidity regarding Nautilus's asserted patents.[9]

The case is not currently governed by a scheduling order and no trial date is set.[10] However, the parties have served initial disclosures and written requests for production of documents and interrogatories.[11] And each party has responded to the other's initial discovery requests.[12] The parties have also served each other with various disclosures, including: infringement contentions; invalidity and non-infringement contentions; proposed terms for claim construction; preliminary claim constructions; expert reports and rebuttal expert reports; and other extrinsic evidence on claim construction.[13] And the parties have deposed each other's

---

[5] Complaint for Patent Infringement ("Complaint"), docket no. 1, filed May 23, 2016

[6] Order Granting Leave to Amend and to Transfer, docket no. 57, filed Sept. 13, 2017.

[7] Complaint ¶¶ 29-40.

[8] ICON Health & fitness, Inc.'s Answer to Nautilus, Inc.'s Complaint; and Counterclaims ("Answer and Counterclaims") at 3-5, docket no. 14, filed July 14, 2016.

[9] *Id.* at 7-10.

[10] Docket Text Order re 87 Stipulated Motion for Extension of Time Initial Pretrial Conference, docket no. 88, filed Nov. 7, 2017.

[11] Declaration of J. Christopher Carraway in Support of Nautilus' Opposition to ICON's Motion to File First Amended Counterclaims ("Carraway Declaration") ¶ 3, docket no. 84, filed Oct. 27, 2017.

[12] *Id*.

[13] *Id.* ¶ 5.

claim construction expert.[14] But fact discovery is ongoing, and no dispositive motions or claim construction briefs have been filed.[15]

In December 2016, seven months after Nautilus filed its Complaint, ICON filed petitions for *inter partes* review at the Patent Trial and Appeal Board ("PTAB") regarding each of Nautilus's asserted patents.[16] The PTAB denied these petitions in July 2017.[17] ICON then conducted additional prior art searches and, in October 2017, filed at the USPTO requests for *ex parte* reexamination regarding each of Nautilus's asserted patents.[18] The USPTO granted these requests in November 2017,[19] and reexamination proceedings are currently pending on each of Nautilus's asserted patents.

## DISCUSSION

ICON seeks a stay of this case pending the resolution of the USPTO's *ex parte* reexamination proceedings regarding Nautilus's asserted patents.[20] "[C]ourts have 'inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a [US]PTO reexamination.'"[21] And "there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination

---

[14] *Id.*

[15] Declaration of Tyson K. Hottinger in Support of ICON Health & Fitness, Inc.'s Motion to Stay Nautilus, Inc.'s Claims Pending Ex Parte Reexamination ("Hottinger Declaration") ¶ 7, docket no. 91-1, filed Nov. 28, 2018.

[16] Carraway Declaration ¶ 6.

[17] *Id.* ¶ 8.

[18] Second Declaration of Tyson K. Hottinger in Support of ICON Health & Fitness, Inc.'s Motion to Stay Nautilus, Inc.'s Claims Pending Ex Parte Reexamination ("Second Hottinger Declaration") ¶ 4, docket no. 97, filed Dec. 29, 2017.

[19] Hottinger Declaration ¶¶ 2-5.

[20] Motion to Stay.

[21] *Pool Cover Specialists Nat., Inc. v. Cover-Pools Inc.*, Case No. 2:08-cv-00879-DAK, 2009 WL 2999036, *1 (D. Utah Sept. 18, 2009) (quoting *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir.1989)).

proceedings."[22] "[T]he three factors courts routinely employ in determining whether to stay a patent infringement action pending reexamination [are]: (1) whether a stay will simplify the issues in question and trial of the case; (2) whether discovery is complete and a trial date has been set; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party."[23]

**The reexamination proceedings have a likelihood of simplifying the issues in this case.**

The USPTO has granted ICON's requests for *ex parte* reexamination of each of Nautilus's asserted patents.[24] "Congress intended reexaminations to provide an important 'quality check' on patents that would allow the [USPTO] to remove defective and erroneously granted patents."[25] Therefore, "the reexamination process is beneficial in the simplification of litigation that might result from the cancellation, clarification, or limitation of claims[.]"[26] "Any claims that are cancelled during the reexamination will not need to be litigated and those claims that survive reexamination may be amended."[27] Thus, "[a] stay would . . . prevent resources from being expended on invalid or amended claims."[28] And "even if the reexamination d[oes] not lead to claim amendment or cancellation, it [will] still provide valuable analysis[,]" such as "the USPTO's examination of the prior art[.]"[29]

---

[22] *Id.* at *2 (quoting *ASCII Corp. v. STD Ent. USA, Inc.,* 844 F.Supp. 1378, 1381 (N.D. Cal. 1994)).

[23] *Id.* at *1 (citing *In re Cygnus Telecomm. Tech., LLC*, 385 F.Supp.2d 1022, 1023 (N.D. Cal. 2005); *Soverain Software, LLC v. Amazon.com, Inc*., 356 F.Supp.2d 660, 662 (E.D. Tex. 2005)).

[24] Hottinger Declaration ¶¶ 2-5.

[25] *In re Swanson*, 540 F.3d 1368, 1375 (Fed. Cir. 2008).

[26] *Pool Cover Specialists Nat., Inc.*, 2009 WL 2999036, *2 (quoting *Ethicon*, 849 F.2d at 1428).

[27] *Id*.

[28] *Id*.

[29] *Id*.

Nautilus argues that there is a lower-than-typical chance of reexamination simplifying the issues in this case because the PTAB has already denied ICON's petitions for *inter partes* review regarding Nautilus's asserted patents.[30] But the USPTO "may only grant a reexamination request if it determines that 'a substantial new question of patentability affecting any claim of the patent concerned is raised by the request.'"[31] And the "substantial new question of patentability" requirement "act[s] to bar reconsideration of any argument already decided by the [USPTO], whether during the original examination or an earlier reexamination."[32]

The fact that ICON's petitions for *inter partes* review were denied did not preclude ICON's requests for *ex parte* reexamination from being granted. Nor does it alter the fact that in granting the requests for reexamination, the USPTO determined that the requests raised substantial new questions of patentability regarding Nautilus's asserted patents.[33] Therefore, Nautilus's argument is misplaced. The reexamination proceedings have a likelihood of simplifying the issues in this case,[34] and the first factor favors granting a stay in this case.

**This case is not in advanced procedural stages.**

This case was filed more than two years ago, and the parties have conducted initial discovery and prepared various disclosures regarding claim construction. However, this case is not in advanced procedural stages. Fact discovery is ongoing; no dispositive motions or claim construction briefs have been filed; and a trial date has not been set. Granting a stay will avoid wasteful and unnecessary discovery if any of Nautilus's asserted patents are invalidated by the

---

[30] Response at 8-10.

[31] *In re Swanson*, 540 F.3d at 1375 (quoting 35 U.S.C. § 303(a)).

[32] *Id*. (internal quotations omitted).

[33] *Id*.; 35 U.S.C. § 303(a).

[34] *Pool Cover Specialists Nat., Inc.*, 2009 WL 2999036, *2.

USPTO's reexamination. A stay will also avoid issues arising from concurrent proceedings on related matters. Therefore, the second factor favors granting a stay in this case.

**A stay will not cause Nautilus undue prejudice.**

Nautilus argues that a stay will cause it prejudice due to the length of time the reexamination proceeding will take to be completed.[35] But "delay inherent in the reexamination process does not constitute, by itself, undue prejudice."[36] And the USPTO is required by statute to conduct the reexamination with "special dispatch."[37] Nautilus asserts its concern with evidence becoming stale and witnesses' memories fading.[38] But these concerns are the same as in any case in which a stay pending *ex parte* reexamination is granted. And these concerns are tied to the delay inherent in the reexamination process. Therefore, they are insufficient to constitute undue prejudice.

Nautilus also asserts its concern that its asserted patents will expire before the reexamination proceedings are completed.[39] But this also does not constitute undue prejudice. Nautilus has not sought to preliminarily enjoin ICON from its alleged infringement despite this case having been pending for over two years. And even if a permanent injunction would not be available to Nautilus following the completion of the reexamination proceedings, "[a]ny alleged infringement during the reexamination period can be quantified in the same manner as pre-examination infringement."[40] A stay will not inhibit Nautilus's ability to calculate its damages,

---

[35] Response at 3-8.

[36] *Pool Cover Specialists Nat., Inc.*, 2009 WL 2999036, *2 (quoting *SKF Condition Monitoring, Inc. v. SAT Corp.*, 2008 WL 706851, *6 (S.D. Cal. Feb. 27, 2008)).

[37] *Id.* (citing 35 U.S.C. § 305).

[38] Response at 5-6.

[39] *Id.* at 4-5.

[40] *Pool Cover Specialists Nat., Inc.*, 2009 WL 2999036, *2.

and Nautilus has not established that a stay will inhibit its ability to collect any damages it is awarded.

Finally, Nautilus argues that it will suffer prejudice because ICON's use of the reexamination process is nothing more than an attempt at gaining a tactical advantage.[41] This argument is simply a repackaging of Nautilus's other arguments relating to the delay inherent in the reexamination process. Such delay does not constitute undue prejudice.[42]

This case was delayed when ICON sought its transfer from the Western District of Washington. But the transfer was necessary given the Supreme Court's opinion in *TC Heartland, LLC v. Kraft Foods Grp. Brands, LLC*,[43] which issued while this case was pending. And though a stay pending the USPTO's reexamination proceedings will delay this case's resolution, ICON's requests for reexamination were not frivolous. The USPTO granted the requests after determining they raised substantial new questions of patentability regarding Nautilus's asserted patents.[44] A stay will not inhibit Nautilus from calculating or collecting its damages from ICON if it is ultimately successful on its infringement claims. And a stay will not give ICON a tactical advantage. The third factor favors a stay of this case.

Therefore, because the USPTO's reexamination proceedings have a likelihood of simplifying the issues in this case; because discovery is ongoing and trial has not been scheduled; and because a stay will not cause Nautilus undue prejudice, ICON's Motion to Stay[45] is GRANTED.

---

[41] Response at 6-7.

[42] *Pool Cover Specialists Nat., Inc.*, 2009 WL 2999036, *2; *SKF Condition Monitoring, Inc.*, 2008 WL 706851, *6.

[43] 137 S.Ct. 1514 (2017).

[44] *In re Swanson*, 540 F.3d at 1375; 35 U.S.C. § 303(a).

[45] Docket no. 91, filed Nov. 28, 2018.

## ORDER

IT IS HEREBY ORDERED that ICON's Motion to Stay[46] is GRANTED. This case is STAYED pending a final resolution of the pending *ex parte* reexamination proceedings regarding Nautilus' asserted patents, including any related appeals. This stay will not automatically lift. Upon the final resolution of the *ex parte* reexamination proceedings, the parties are directed to jointly file a motion to lift the stay.

Signed September 4, 2018.

BY THE COURT

_____
District Judge David Nuffer

---

[46] Docket no. 91, filed Nov. 28, 2018.