IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NAUTILUS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ICON HEALTH & FITNESS, INC., <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO LIFT STAY and GRANTING MOTION TO CONTINUE STAY** <br><br> Case No. 1:17-cv-00154-DN <br><br> District Judge David Nuffer |

Plaintiff Nautilus, Inc. ("Nautilus") seeks to lift the stay of this case because the U.S. Patent and Trademark Office's ("USPTO") *ex parte* reexamination proceedings that formed the basis for the stay are now resolved.[1] Defendant ICON Health & Fitness, Inc. ("ICON") responded and filed a cross-motion seeking to continue the stay because new *ex parte* reexamination proceedings are pending before the USPTO and the relevant circumstances of the case have not materially changed.[2]

Because the new reexamination proceedings have a likelihood of simplifying the issues in this case; because discovery is not complete and trial has not been scheduled; and because continuing the stay will not cause Nautilus undue prejudice, Nautilus's Motion to Lift Stay[3] is DENIED and ICON's Motion to Continue Stay[4] is GRANTED.

---

[1] Plaintiff's Motion to Lift Stay and Memorandum in Support ("Motion to Lift Stay"), docket no. 107, filed Dec. 12, 2018.

[2] ICON Health & Fitness, Inc.'s Memorandum (1) Opposing Motion to Lift Stay and (2) Supporting Cross-Motion to Continue Stay ("ICON's Response"), docket no. 110, filed Jan. 11, 2019; ICON Health & Fitness, Inc.'s Cross-Motion to Continue Stay ("Motion to Continue Stay"), docket no. 111, filed Jan. 11, 2019.

[3] Docket no. 107, filed Dec. 12, 2018.

[4] Docket no. 111, filed Jan. 11, 2019.

## BACKGROUND

On September 4, 2018, this case was stayed pending the final resolution of the USPTO's *ex parte* reexamination proceedings regarding Nautilus's four asserted patents.[5] Two months after the stay's issuance, the USPTO issued *Ex Parte* Reexamination Certificates, which resolved the reexamination proceedings: 59 of the asserted patents' 158 claims, including 52 of the 127 claims asserted against ICON, survived the reexamination proceedings.[6]

However, in October and November 2018, ICON filed new requests for *ex parte* reexamination of Nautilus's asserted patents.[7] The USPTO granted these requests.[8] And in December 2018, the USPTO issued Notices of Intent to Issue *Ex Parte* Reexamination Certificate for two of the asserted patents—U.S. Patent No. 6,689,019 and U.S. Patent No. 8,323,155—confirming the patents' claims.[9] The USPTO also issued Non-Final Office Actions objecting to or rejecting 36 claims in the other two asserted patents—U.S. Patent No. 7,632,219 and U.S. Patent No. 7,341,542—which provided Nautilus the opportunity to respond.[10] Nautilus indicates that it will be promptly filing responses contesting the objection to and rejection of these patents' claims.[11]

---

[5] Memorandum Decision and Order Granting Motion to Stay ("Order to Stay") at 8, docket no. 103, filed Sept. 4, 2018.

[6] Declaration of J. Christopher Carraway in Support of Plaintiff's Motion to Lift the Stay ("Carraway Declaration") ¶ 3, docket no. 107-1, filed Dec. 21, 2018; *Ex Parte* Reexamination Certificates, docket no. 107-2, Dec. 21, 2019; ICON's Response at 1.

[7] Carraway Declaration ¶ 7; ICON's Response at 3.

[8] Orders Granting Request for *Ex Parte* Reexamination, docket no. 110-2, filed Jan. 11, 2019.

[9] Declaration of Andrew M. Mason in Support of Nautilus' Combined Reply on its Motion to Lift the Stay and Opposition to Defendant's Cross-Motion to continue the Stay ("Mason Declaration") ¶¶ 4-5, docket no. 112-1, filed Jan. 22, 2019; Notice of Intent to Issue *Ex Parte* Reexamination Certificate, docket no. 112-2, filed Jan. 22, 2019; Notice of Intent to Issue *Ex Parte* Reexamination Certificate, docket no. 112-3, filed Jan. 22, 2019.

[10] Mason Declaration ¶¶ 6, 8.

[11] *Id*.

**DISCUSSION**

Nautilus seeks to lift the stay of this case because the USPTO's reexamination proceedings that were pending at the time the stay issued are now resolved.[12] ICON does not dispute that the original basis for the stay is resolved.[13] But ICON argues the stay should continue because the USPTO granted its requests for new reexamination proceedings regarding Nautilus's asserted patents.[14] These new reexamination proceedings are currently pending at the USPTO.[15] Nautilus counters by arguing that extending the stay would be prejudicial because ICON can continue to file new requests for reexamination, which will lead to a stay of indefinite duration.[16]

"[C]ourts have 'inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a [US]PTO reexamination.'"[17] "[T]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination proceedings."[18] "[T]he three factors courts routinely employ in determining whether to stay a patent infringement action pending reexamination [are]: (1) whether a stay will simplify the issues in question and trial of the case; (2) whether discovery is complete and a trial date has been set; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party."[19] These factors are considered anew each time a motion

---

[12] Motion to Lift Stay at 4-5.

[13] Carraway Declaration ¶ 3; *Ex Parte* Reexamination Certificates; ICON's Response at 1.

[14] ICON's Response at 2.

[15] Orders Granting Request for *Ex Parte* Reexamination.

[16] Motion to Lift Stay at 5-7.

[17] *Pool Cover Specialists Nat., Inc. v. Cover-Pools Inc.*, Case No. 2:08-cv-00879-DAK, 2009 WL 2999036, *1 (D. Utah Sept. 18, 2009) (quoting *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1989)).

[18] *Id*. at *2 (quoting *ASCII Corp. v. STD Ent. USA, Inc.*, 844 F.Supp. 1378, 1381 (N.D. Cal. 1994)).

[19] *Id*. at *1 (citing *In re Cygnus Telecomm. Tech., LLC*, 385 F.Supp.2d 1022, 1023 (N.D. Cal. 2005); *Soverain Software, LLC v. Amazon.com, Inc.*, 356 F.Supp.2d 660, 662 (E.D. Tex. 2005)).

for stay is made. That factors support a case's stay in one instance does not necessarily mean they will support a stay in subsequent motions for stay.

**The new reexamination proceedings have a likelihood of simplifying the issues in this case**

Although the reexamination proceedings that formed the basis for the case's stay are now resolved,[20] the USPTO granted ICON's new requests for *ex parte* reexamination of Nautilus's asserted patents.[21] The USPTO could grant these new requests only by "determin[ing] that 'a substantial new question of patentability affecting any claim of the patent[s] concerned [wa]s raised by the request[s].'"[22] And in the new reexamination proceedings, the USPTO has already confirmed the claims in two of Nautilus's asserted patents,[23] and initially objected to or rejected 36 claims in the other two asserted patents.[24]

Under these circumstances, the new reexamination proceedings have a likelihood of simplifying the issues in this case. In the reexamination, Nautilus has the opportunity to, and will, contest the claims that were initially objected to and rejected.[25] But the USPTO's decision will still be "beneficial in the simplification of litigation."[26] "Any claims that are cancelled during examination will not need to be litigated[.]"[27] And even if the USPTO does not cancel the patents' claims, the reexamination will "provide valuable analysis" of the prior art.[28] Therefore,

---

[20] *Ex Parte* Reexamination Certificates.

[21] ICON's Response at 3; Orders Granting Request for *Ex Parte* Reexamination.

[22] *In re Swanson*, 540 F.3d 1368, 1375 (Fed. Cir. 2008) (quoting 35 U.S.C. § 303(a)).

[23] Mason Declaration ¶¶ 4-5; Notice of Intent to Issue *Ex Parte* Reexamination Certificate, docket no. 112-2; Notice of Intent to Issue *Ex Parte* Reexamination Certificate, docket no. 112-3.

[24] Mason Declaration ¶¶ 6, 8.

[25] *Id*.

[26] *Pool Cover Specialists Nat., Inc.,* 2009 WL 2999036, at *2 (quoting *Ethicon*, 849 F.2d at 1428).

[27] *Id*. (quoting *Ethicon*, 849 F.2d at 1428).

[28] *Id.*

4

the first factor favors continuing the case's stay pending resolution of the new reexamination proceedings.

**This case is not in advanced procedural stages**

This case is not in advanced procedural stages. Nothing has changed in the case since the stay was put in place on September 4, 2018. Discovery and claim construction remain incomplete, and no trial date is set. Therefore, the second factor favors continuing the case's stay pending resolution of the new reexamination proceedings.

**Continuing the stay will not cause Nautilus undue prejudice**

Nautilus argues that continuing the stay will cause it prejudice because ICON can continue to request round after round of *ex parte* reexamination, effectively receiving a "never-ending stay" of the infringement claims in this case.[29] Nautilus also argues that ICON gains a tactical advantage from its serial *ex parte* reexamination requests because Nautilus is bound by the USPTO's decisions, but ICON may still introduce the same prior art references in court to challenge Nautilus's infringement claims. In essence, Nautilus's arguments are that the statutory scheme regarding *ex parte* reexamination is inefficient and inherently prejudicial. These arguments lack merit.

"Delay inherent in the reexamination process does not constitute, by itself, undue prejudice."[30] And serial requests for reexamination have diminishing returns with both the USPTO and motions to stay litigation. The USPTO's "substantial new question of patentability" requirement in reexamination "act[s] to bar reconsideration of any argument already decided by

---

[29] Plaintiff's Combined Reply on its Motion to Lift the Stay and Opposition to Defendant's Cross-Motion to Continue the Stay at 1 ("Nautilus's Reply"), docket no. 112, filed Jan. 22, 2019; *see also* Motion to Lift Stay at 5-7.

[30] *Pool Cover Specialists Nat., Inc.,* 2009 WL 2999036, at *2 (quoting *SFK Condition Monitoring, Inc v. SAT Corp.,* 2008 WL 706851, *6 (S.D. Cal. Feb. 27, 2008)).

the [USPTO], whether during the original examination or an earlier reexamination."[31] Therefore, as prior art references diminish, so too does a party's ability to request and be granted *ex parte* reexamination. And each motion to stay litigation pending *ex parte* reexamination is analyzed on its own merits. Courts have discretion to determine when it is appropriate to stay litigation pending reexamination, and when such a stay will cause undue prejudice.[32] A stay will not necessarily be granted solely because USPTO reexamination proceedings are pending.

Congress has chosen to implement a statutory scheme that permits concurrent proceedings of USPTO *ex parte* reexamination and court litigation. *Ex parte* reexamination by definition is one sided. ICON can only request that the USPTO consider a prior art reference. Unlike Nautilus, ICON does not have the opportunity to participate in the reexamination proceedings after making a request.[33] It is not prejudicial to allow ICON to later raise its arguments regarding prior art in court. The statutory scheme provides avenues for both parties to have their arguments regarding prior art heard and decided.

Nautilus has failed to demonstrate that the continued stay of this case pending resolution of the new reexamination proceedings will cause it undue prejudice. Nautilus points only to effects inherent to the statutory scheme which, by itself, does not constitute undue prejudice.[34] Regardless, the new reexamination proceedings are progressing. The USPTO has already confirmed the claims in two of Nautilus's asserted patents.[35] And Nautilus indicates that it will promptly file responses contesting the USPTO's initial rejection of 30 claims in its other two

---

[31] *In re Swanson*, 540 F.3d at 1375 (internal quotations omitted).

[32] *Pool Cover Specialists Nat., Inc.*, 2009 WL 2999036, at *1.

[33] 35 U.S.C. § 304.

[34] *Pool Cover Specialists Nat., Inc.*, 2009 WL 2999036, at *2.

[35] Mason Declaration ¶¶ 4-5; Notice of Intent to Issue *Ex Parte* Reexamination Certificate, docket no. 112-2; Notice of Intent to Issue *Ex Parte* Reexamination Certificate, docket no. 112-3.

6

asserted patents.[36] Therefore, the third factor favors continuing the case's stay pending resolution of the new reexamination proceedings.

### Estoppel does not apply to ICON's requests for *ex parte* reexamination

Nautilus argues that if the stay is continued, ICON should be estopped from using prior art the USPTO considered during reexamination as part of its invalidity defense in this case.[37] Nautilus also argues that ICON should be estopped from making additional requests with the USPTO for *ex parte* reexamination.[38] Nautilus points to the statutory provision for estoppel in *inter parties* review,[39] maintaining that the same should apply to *ex parte* reexamination.[40] Nautilus's argument lacks merit.

If Congress had intended for estoppel to apply to *ex parte* reexamination, it would have included provision for it in the statutory language. Unlike *inter parties* review,[41] Congress did not include provision for a party to be estopped in court from arguing prior art considered by the USPTO during reexamination. Nor did Congress include language limiting the number of requests for *ex parte* reexamination a party may make. Instead, the statutory language for *ex parte* reexamination provides that "[a]ny person at any time may file a request for reexamination by the [USPTO] of any claim of a patent on the basis of any prior art . . . ."[42] And reexamination is limited by the requirement that a party's request must show "a substantial new question of

---

[36] Mason Declaration ¶¶ 6,8.

[37] Nautilus's Reply at 8-9.

[38] *Id*.

[39] 35 U.S.C. § 315(e).

[40] Nautilus's Reply at 8- 9.

[41] 35 U.S.C. § 315(e)(2).

[42] *Id*. § 302.

patentability."[43] And "[a] determination . . . that no substantial new question of patentability has been raised [is] final and nonappealable."[44] Estopping ICON from using prior art the USPTO considered during reexamination in its invalidity defense in this case, or from making additional requests for *ex parte* reexamination, would be contrary to the statutory scheme Congress created.

Therefore, because the new reexamination proceedings have a likelihood of simplifying the issues in this case; because discovery is ongoing and trial has not been scheduled; and because continuing the stay will not cause Nautilus undue prejudice, Nautilus's Motion to Lift Stay[45] is DENIED and ICON's Motion to Continue Stay[46] is GRANTED.

**ORDER**

IT IS HEREBY ORDERED that Nautilus's Motion to Lift the Stay[47] is DENIED and ICON's Motion to Continue Stay[48] is GRANTED. This case is STAYED pending a final resolution of the new *ex parte* reexamination proceedings regarding Nautilus's asserted patents, including any related appeals. This stay will not automatically lift. Either party may file a motion to lift the stay upon the final resolution of the new *ex parte* reexamination proceedings.

Signed February 13, 2019.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[43] *Id*. § 303(a).

[44] *Id*. § 303(c).

[45] Docket no. 107, filed Dec. 12, 2018.

[46] Docket no. 111, filed Jan. 11, 2019.

[47] Docket no. 107, filed Dec. 21, 2018.

[48] Docket no. 111, filed Jan. 11, 2019.